UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

S.V. GOPALRATNAM and
HEMALATHA GOPALRATNAM

and

THE ESTATE OF ARUN GOPALRATNAM

and

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY

Civil Action File No. 13-cv-618

    Plaintiffs,

vs.

HEWLETT-PACKARD COMPANY

and

ABC INSURANCE COMPANY

    Defendants.

## DEFENDANT HEWLETT-PACKARD COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFFS' COMPLAINT

Hewlett-Packard Company (hereafter, the "defendant") makes this its answer and jury demand to S.V. Gopalratnam and Hemalatha Gopalratnam (collectively "Gopalratnam"), The Estate of Arun Gopalratnam ("Estate"), and American Family Mutual Insurance Company's ("AmFam") (hereafter, "plaintiffs") complaint. Unless specifically answered herein, all allegations of the complaint are denied.

## COMPLAINT

The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

## NATURE OF ACTION

The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

## PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

5. Admitted.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

## JURISDICTION AND VENUE

7. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

8. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

## FACTS COMMON TO ALL COUNTS

9. The defendant incorporates herein by reference its answers to Paragraphs 1 through 8 and makes that its answer to this paragraph.

10. Admitted.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

12. The defendant admits that the HP Mini 110 XP Edition uses a lithium ion battery. HP can neither admit nor deny these allegations as they pertain to a computer allegedly owned by Arun Gopalratnam.

13. Denied.

14. Denied.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

### FIRST CAUSE OF ACTION:
### ESTATE'S NEGLIGENCE CLAIM AGAINST HEWLETT PACKARD

16. The defendant incorporates herein by reference its answers to Paragraphs 1 through 15 and makes that its answer to this paragraph.

17. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

18. (a-e). Denied.

19. Denied.

WHEREFORE, the defendant says that the plaintiffs' complaint against it should be dismissed and that judgment enter for the defendant, together with its costs.

### SECOND CAUSE OF ACTION:
### ESTATE'S STRICT PRODUCT LIABILITY AGAINST HEWLETT-PACKARD

20. The defendant incorporates herein by reference its answers to Paragraphs 1 through 19 and makes that its answer to this paragraph.

21. The defendant admits these allegations as it pertains to designed, prepared, advertised, distributed, supplied and sold so-called "laptop" computers. Denied as to manufacture or assemble of same.

22. (a-c). Denied.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

25. Denied.

WHEREFORE, the defendant says that the plaintiffs' complaint against it should be dismissed and that judgment enter for the defendant, together with its costs.

### THIRD CAUSE OF ACTION
### ESTATE'S BREACH OF WARRANTY AGAINST HEWLETT-PACKARD

26. The defendant incorporates herein by reference its answers to Paragraphs 1 through 25 and makes that its answer to this paragraph.

27. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

28. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

29. Denied.

30. Denied.

WHEREFORE, the defendant says that the plaintiffs' complaint against it should be dismissed and that judgment enter for the defendant, together with its costs.

### FOURTH CAUSE OF ACTION
### WRONGFUL DEATH ON BEHALF OF S.V. GOPALRATNAM AND HEMALATHA GOPALRATNAM (NEGLIGENCE)

31. The defendant incorporates herein by reference its answers to Paragraphs 1 through 30 and makes that its answer to this paragraph.

32. Denied.

33. Denied.

WHEREFORE, the defendant says that the plaintiffs' complaint against it should be dismissed and that judgment enter for the defendant, together with its costs.

### FIFTH CAUSE OF ACTION
### WRONGFUL DEATH ON BEHALF OF S.V. GOPALRATNAM AND HEMALATHA GOPALRATNAM (STRICT LIABILITY)

34. The defendant incorporates herein by reference its answers to Paragraphs 1 through 33 and makes that its answer to this paragraph.

35. Denied.

36. Denied.

WHEREFORE, the defendant says that the plaintiffs' complaint against it should be dismissed and that judgment enter for the defendant, together with its costs.

### SIXTH CAUSE OF ACTION
### PROPERTY DAMAGE ON BEHALF OF GOPALRATNAMS AND AM-FAM (NEGLIGENCE)

37. The defendant incorporates herein by reference its answers to Paragraphs 1 through 36 and makes that its answer to this paragraph.

38. The defendant can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

39. (a-e). Denied.

40. Denied.

WHEREFORE, the defendant says that the plaintiffs' complaint against it should be dismissed and that judgment enter for the defendant, together with its costs.

### SEVENTH CAUSE OF ACTION
### PROPERTY DAMAGE ON BEHALF OF GOPALRATNAMS AND AM-FAM (STRICT LIABILITY)

41. The defendant incorporates herein by reference its answers to Paragraphs 1 through 40 and makes that its answer to this paragraph.

42. Denied.

WHEREFORE, the defendant says that the plaintiffs' complaint against it should be dismissed and that judgment enter for the defendant, together with its costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Further answering, no act or omission of the defendant alone or in combination was a proximate cause of any damage allegedly sustained by Plaintiffs and Plaintiffs' decedent.

### THIRD AFFIRMATIVE DEFENSE

Further answering, any alleged injuries and damages of Plaintiffs and Plaintiffs' decedent were proximately caused by the intervening and superseding act of other parties or third persons over whom the defendant had no control or right of control and for whose actions the defendant is not liable.

### FOURTH AFFIRMATIVE DEFENSE

Further answering, in the event that it is judicially determined that the defendant was negligent, which is specifically denied, then it is averred that the negligence of Plaintiffs and Plaintiffs' decedent, when compared to the negligence of the defendant, bar any claims against the defendant.

### FIFTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs failed to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs' claims are barred by any applicable statues of repose and limitations, as well as the doctrines of repose, laches and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Further answering, in the event that it is determined that Plaintiffs and/or Plaintiffs' decedent were in possession of a product distributed, designed and/or sold by the defendant, which is specifically denied, such product was not defective or unreasonably dangerous.

## EIGHTH AFFIRMATIVE DEFENSE

Further answering, in the event that Plaintiffs and/or Plaintiffs' decedent incurred any injuries or damages as alleged in the Complaint, which is specifically denied, then to the extent such injuries and damages may be attributable to any act or omission or any product of the defendant, then such act, omission, or product exposure was and is de minimis and not a substantial contributing factor to Plaintiffs' alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Further answering, any product allegedly designed, marketed, manufactured and sold by the defendant was designed, marketed, manufactured and sold in accordance and consistent with the state of the art, in compliance with all applicable standards and regulations, and free of any defect.

## TENTH AFFIRMATIVE DEFENSE

Further answering, any warnings or instructions that accompanied any the defendant product or products were proper.

## ELEVENTH AFFIRMATIVE DEFENSE

Further answering, if it is determined that Plaintiffs and/or Plaintiffs' decedent were injured and damaged as alleged in the Complaint, all of which is specifically denied, then the acts or omissions of the defendant when compared to the acts or omissions of the other parties entitles the defendant to contribution and/or indemnity.

### TWELFTH AFFIRMATIVE DEFENSE

Further answering, Plaintiff's claims are barred or must be reduced due to Plaintiffs' and/or Plaintiffs' decedent's comparative and/or contributory negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Further answering, the defendant's product was placed into the stream of commerce with proper and adequate warnings.

### FOURTEENTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs have failed to join one or more necessary or indispensable parties as required by Wis. Stat. § 803.03.

### SIXTEENTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs' claims are limited, in whole or in part, by Wis. Stat. § 895.04.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs' claims are limited, in whole or in part, by Wis. Stat. § 895.045.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs' claims for punitive damages are barred by Wis. Stat. § 895.043 and the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs' claims are limited, in whole or in part, by Wis. Stat. § 895.043.

### NINETEENTH AFFIRMATIVE DEFENSE

Further answering, if there was any defect or deficiency in the product as of the time of the incident alleged in the Plaintiffs' Complaint, such being expressly denied, such defect or deficiency did not relate to the design, manufacture, warnings or sale of the product but was the result of abnormal use, misuse, abuse, improper maintenance, substantial alteration, change or modification, or other actions on the part of Plaintiffs, Plaintiffs' decedent, or others for whom the defendant is not responsible.

### TWENTIETH AFFIRMATIVE DEFENSE

Further answering, the defendant denies the existence of any implied warranty, as the defendant expressly disclaimed all implied warranties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Further answering, Plaintiffs' breach of warranty claims are barred by their failure to provide notice of the alleged breach within a reasonable time.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Further answering, the defendant reserves the right to assert any and all affirmative defenses which discovery hereafter may reveal to be appropriate.

### JURY DEMAND

The defendant hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,
The Defendant,
HEWLETT-PACKARD COMPANY,
By its attorneys,


/s/ Marcus A. Wester
Patrick W. Schmidt (1016367)
Marcus A. Wester (1066502)
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Suite 2350
Milwaukee, WI 53202-4426
414-277-5365
414-978-8906 fax
marcus.wester@quarles.com

Christopher G. Betke (admission pending)
Lauren E. Chanatry (admission pending)
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com
lchanatry@coughlinbetke.com