UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

S.V. GOPALRATNAM and
HEMALATHA GOPALRATNAM

and

THE ESTATE OF ARUN GOPALRATNAM

and

AMERICAN FAMILY MUTUAL　　　　　　　　　　Civil Action File No. 13-CV-618
INSURANCE COMPANY

      Plaintiffs,

vs.

HEWLETT-PACKARD COMPANY
      Defendant and Third-Party Plaintiff
and

ABC INSURANCE COMPANY

      Defendant,

vs.

SAMSUNG SDI CO., LTD. and
DYNAPACK TECHNOLOGY CORP.

      Third-Party Defendants,

## THIRD-PARTY COMPLAINT

      The Defendant and Third-Party Plaintiff, Hewlett-Packard Company ("HP"), by and through counsel, hereby submits this Third-Party Complaint against Samsung SDI Co., Ltd.

("SDI") and DynaPack International Technology Corp. ("DynaPack"), pursuant to Federal Rule of Civil Procedure 14(a).

## PARTIES

1. HP is a corporation organized under the laws of California with a principal place of business at 3000 Hanover Street, Palo Alto, California.

2. Upon information and belief, the third-party defendant SDI is a Korean corporation with a principle place of business at 428-5 Gongse-dong Giheung-gu, Yongin 446902 South Korea.

3. Upon information and belief, the third-party defendant DynaPack is a Taiwanese corporation with a principle place of business at 4F, No. 1, Lane 21, Hsing-Hwa Rd., Kweishan Industrial Zone, Taoyuan, Taiwan.

4. SDI and DynaPack are subject to the jurisdiction of this Court, and venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391.

## FACTS

5. S.V. Gopalratnam and Hemalatha Gopalratnam (collectively, the "Gopalratnams"), the Estate of Arun Gopalratnam (the "Estate"), and American Family Mutual Insurance Company ("American Family") (collectively, "Plaintiffs") filed a complaint against HP, a copy of which is attached hereto as Exhibit A.

6. The complaint alleges that American Family insured a residence owned by the Gopalratnams and located at W217N5514 Taylors Woods Drive, Menomonee Falls, Wisconsin.

7. The complaint alleges a fire occurred at the Gopalratnam residence on or around June 4, 2010.

8. The complaint specifically alleges the fire was caused by an internal failure of a lithium ion battery contained in a notebook computer in the Gopalratnam residence.

9. The complaint alleges the Gopalratnam's residence and personal property sustained damage and Arun Gopalratnam suffered fatal injuries as a result of the fire.

10. The complaint alleges that American Family paid the Gopalratnams, pursuant to an insurance policy, an amount in excess of $75,000 for claims arising from the fire, and furthermore alleges American Family is subrogated to the rights of the Gopalratnams.

11. Upon information and belief, the HP notebook computer alleged in the complaint to have been present and to have caused a fire at the Gopalratnam residence would have contained a battery pack manufactured by DynaPack (hereafter, the "Battery Pack").

12. Upon information and belief, the Battery Pack would have contained lithium ion battery cells manufactured by SDI.

13. The complaint alleges HP is liable to the Plaintiffs in negligence, strict product liability and breach of warranty in connection with the manufacture of the notebook computer alleged to have caused a fire at the Gopalratnam residence.

14. HP has denied liability. A copy of HP's answer is attached hereto as <u>Exhibit B</u>. However, HP contends that if it is found liable, SDI and/or DynaPack are joint tortfeasors.

## COUNT I
### (Contribution v. DynaPack)

15. HP repeats and realleges each of the allegations contained in paragraphs 1 through 14 above and incorporates them by reference herein.

16. If HP is found to liable for Plaintiffs' injuries and damages, which HP expressly denies, then DynaPack is also liable for Plaintiffs' injuries and damages and HP is entitled to contribution from DynaPack.

WHEREFORE, the defendant and third-party plaintiff, Hewlett-Packard Co. demands judgment for contribution from DynaPack with respect to any damages which may be recovered against the defendant and third-party plaintiff, Hewlett-Packard Co., together with any reasonable costs and attorneys' fees.

## COUNT II
### (Contribution v. SDI)

17. HP repeats and realleges each of the allegations contained in paragraphs 1 through 16 above and incorporates them by reference herein.

18. If HP is found liable for Plaintiffs' injuries and damages, which HP expressly denies, then SDI also caused or contributed to cause Plaintiffs' alleged injuries and damages and HP is entitled to contribution from SDI.

WHEREFORE, the defendant and third-party plaintiff, Hewlett-Packard Co. demands judgment for contribution from SDI with respect to any damages which may be recovered against the defendant and third-party plaintiff, Hewlett-Packard Co., together with any reasonable costs and attorneys' fees.

**JURY DEMAND**

Hewlett-Packard Co. demands a trial by jury as to all issues.

Respectfully submitted,
The Third-Party Plaintiff,
HEWLETT-PACKARD COMPANY,
By its attorneys,

 /s/ Marcus A. Wester
Patrick W. Schmidt (1016367)
Marcus A. Wester (1066502)
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Suite 2350
Milwaukee, WI 53202-4426
414-277-5365
414-978-8906 fax
marcus.wester@quarles.com

Christopher G. Betke (admission pending)
Lauren E. Chanatry (admission pending)
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com
lchanatry@coughlinbetke.com