UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SV GOPALRATNAM,
HEMALATHA GOPALRATNAM,
THE ESTATE OF ARUN GOPALRATNAM,
AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

      Plaintiffs,

      v.                                         Case No. 13-C-0618

HEWLETT-PACKARD COMPANY,
ABC INSURANCE COMPANY,

      Defendants.
      v.

SAMSUNG SDI CO., LTD and
DYNAPACK TECHNOLOGY CORP.,

      Third-Party Defendants.

---

DECISION AND ORDER GRANTING HEWLETT-PACKARD'S MOTION FOR LEAVE TO FILE SUR-REPLY INSTANTER TO SAMSUNG SDI CO. LTD.'S MOTION TO DISMISS (DOC. 34), GRANTING HEWLETT-PACKARD LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, DENYING WITHOUT PREJUDICE SAMSUNG SDI CO. LTD'S AMENDED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DOC. 26) AND GRANTING JOINT MOTION FOR EXTENSION OF TIME PERTAINING TO PRELIMINARY REPORTS TO THE COURT (DOC. 33)

On February 4, 2014, third-party defendant Samsung SDI Co., Ltd. ("SDI"), moved to dismiss the third-party complaint for lack of personal jurisdiction. SDI, a Korean company with its principal office in Yongin, Korea, is not registered to do business in the United States, and does not have an office, registered agent, or employees in Wisconsin. It maintains that it does not ship products to, advertise or pay taxes in Wisconsin and, therefore lacks the minimum contacts with Wisconsin required for this court to constitutionally exercise personal jurisdiction. Hewlett-Packard ("HP") responds that SDI is subject to personal jurisdiction because it has an American subsidiary, travels to

American trade shows, and boasts that it is the top supplier of lithium ion batteries in the world. Alternatively, HP seeks leave to conduct jurisdictional discovery respecting SDI's contacts with Wisconsin if the court determines the record is insufficient to conclude whether SDI is subject to personal jurisdiction. Based on the inferences that may be drawn from the record and the procedural posture of this case, the court will deny the motion to dismiss without prejudice and allow HP to conduct limited discovery on this issue.

## LEGAL STANDARD

A motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) places the burden on the plaintiff to make a prima facie showing of jurisdictional facts that establish personal jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The court accepts all well-pleaded facts alleged in the complaint as true. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Affidavits may be received and weighed by the court when it determines whether it has personal jurisdiction, *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983), but the court must resolve any factual disputes in the plaintiff's favor. *Tamburo*, 601 F.3d at 700.

The Seventh Circuit has cautioned that "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Foundation v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). When a plaintiff meets its burden, courts should permit it to conduct limited discovery to address the personal jurisdiction issues raised by a defendant's motion to dismiss. *See Central States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 876–77 (7th Cir. 2006) (reversing trial court's refusal to grant jurisdictional discovery in response to defendant's motion to dismiss).

Generally, a "federal court has personal jurisdiction over [a nonresident defendant] in a diversity action only if a court in the state in which the federal court is sitting would have jurisdiction." *Nelson v. Park Indus., Inc.*, 717 F.2d at 1123; *accord Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). The court must examine whether the forum state's long-arm statute reaches the defendant, Wis. Stat. § 801.05, and whether the exercise of jurisdiction over the defendant would violate federal due process. *Purdue Research Foundation*, 338 F.3d at 779; *Logan Products, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996); *Kopke v. A. Hartrodt S.R.L.*, 245 Wis. 2d 396, 408–09, 629 N.W.2d 662, 667–68 (Wis. 2001).

The Wisconsin Supreme Court has determined that the long-arm statute "is to be liberally construed in favor of the exercise of jurisdiction." *Federated Rural Electric Insurance Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 391 (7th Cir. 1994) (citing *Schroeder v. Raich*, 89 Wis.2d 588, 593, 278 N.W.2d 871 (1979)). This statute enumerates several grounds for personal jurisdiction, and SDI does not dispute HP's ability to satisfy jurisdiction under the provision for "any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant" in which "[p]roducts, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade." Wis. Stat. § 801.05(4)(b). Indeed, construing the allegations in the light most favorable to the third-party plaintiff, the injury occurred in Wisconsin and the injury was the result of SDI's allegedly defective battery cells, which were in the HP laptop. The laptop was purchased in Wisconsin.

Nevertheless, SDI contends that the exercise of jurisdiction would violate its due process rights. For personal jurisdiction to be consistent with due process, a defendant

3

must have established minimum contacts with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *Central States, Southeast & Southwest Areas Pension Fund*, 230 F.3d at 942–43. A court examines whether the defendant's contacts with the state are such that the defendant should reasonably anticipate being haled into court there. *Burger King*, 471 U.S. at 474; *Central States*, 230 F.3d at 943. The defendant must have purposefully availed herself of the privilege of conducting activities in the forum state, invoking the benefits and protections of its laws. *Burger King,* 471 U.S. at 474–75; *Central States*, 230 F.3d at 943.

There are two types of contacts that may be sufficient to establish jurisdiction: (1) the defendant's contacts with the forum state that are unrelated to the basis of the lawsuit (general jurisdiction); and (2) the defendant's contacts that are related to the subject matter of the lawsuit (specific jurisdiction). *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 & nn. 8–9, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). Because HP does not assert the existence of general jurisdiction, the court will focus on SDI's contacts related to the subject matter of the jurisdiction.

The issue at hand falls under the "stream of commerce" theory. Four members of the United States Supreme Court in *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987), determined that the minimum contacts requirement was met when a defendant sells goods where the "regular and anticipated flow of those products" will bring them into the state. *Id.,* 480 U.S. at 117. "As long as the participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise." *Id.* That said, four other justices thought that the mere placement of the product is not an act

4

purposefully directed toward the forum State. Rather, additional conduct is required such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id.,* 480 U.S. at 112. Under this theory, SDI's mere awareness that the stream of commerce may sweep its product into Wisconsin would not suffice. *See id.*

More recently, the United States Supreme Court addressed the stream of commerce theory in *McIntyre Machinery, Ltd. v. Nicastro*, – U.S. –, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011). There, an independent United States company sold a metal-shearing machine manufactured in England. Although the manufacturer attended annual conventions in the United States, none of the conventions were in New Jersey. No more than four machines were found in the forum state, including the one that caused the injury. The Supreme Court, 6-3, held that such facts were insufficient to establish personal jurisdiction. *Id.,* 131 S. Ct. at 2786. No majority rationale emerged; however, the plurality opinion dispels the notion that merely placing the goods in the stream of commerce indicates purposeful availment. *Id.*

Turning back to the allegations of the third party complaint, SDI, a Korean corporation, maintains its principle place of business in Yongin, South Korea. HP asserts that SDI manufactured battery cells that were incorporated into a battery pack sold by DynaPack. That battery pack became part of the HP laptop at issue which was purchased in Wisconsin. HP has not claimed or produced evidence that SDI knew that its battery cells would be delivered to Wisconsin retail stores or that its battery cells would be incorporated into a product targeted toward Wisconsin consumers. Instead, it submits in opposition to dismissal of the third party complaint that SDI sold battery cells to DynaPack in China or

5

Taiwan. Put another way, HP maintains that the battery cells in the plaintiff's computer passed into Wisconsin's stream of commerce after two different, unaffiliated entities incorporated the cells into their product.

In opposition to the motion to dismiss, HP has demonstrated that the factual record is at least ambiguous or unclear on the issue regarding the battery cells and SDI's business in Wisconsin. Thus, limited discovery is warranted in the early stages of this litigation. For example, it is not clear how many battery cells are in the state or whether SDI has contact with Wisconsin. HP contends that much of that information is not readily available. One source of evidence that is available to HP is SDI's website, which boasts that it "has ranked number one in terms of the global market share of the lithium-ion batteries since 2010 through continuous technological innovation and market driven activities, and it has established itself as a global leader of the lithium-ion market." (Doc. 31 at Ex. 1.) The website further touts its "world-class supply chain management system," which allows SDI to "respond to inquiries, acquire orders, supply products, and provide after-sales services anywhere in the world through its global sales & service networks and FAEs (Field Application Engineer). (*Id.*) Moreover, SDI's representatives attended the International Battery and Seminar Exhibit in Florida in 2009, and the North American International Auto Show in Detroit in 2014. (*Id.* at Exs. 2 and 3.) Finally, the Consolidated Financial Statements of Samsung SDI Co., Ltd. and subsidiaries report the activities of Samsung SDI Co., Ltd., the "Parent Company" and its subsidiaries, includes SDI America, Inc., located at 3655 North First St., San Jose, CA, 95134. (*Id.* at Ex. 4.) Page 10 of the Consolidated Financial Statements explains that the "[s]ubsidiaries are entities controlled by the Group" and "[c]ontrol exists when the Group has the power to govern the financial and operating policies of the other entity so as to obtain benefits from its associates." Hence, there is

evidence of control over an American subsidiary and a global marketing scheme that allows inferences to be drawn regarding the potential exercise of personal jurisdiction over SDI. Further discovery may establish whether or not the exercise of jurisdiction is consonant with the requirements of due process. Consequently,

IT IS ORDERED that Hewlett-Packard Company's motion for leave to file sur-reply instanter to Samsung SDI CO., LTD's motion to dismiss is granted. (Doc. 34.)

IT IS FURTHER ORDERED that plaintiff's request for jurisdictional discovery is granted. (Doc. 31.) All discovery on the issue of personal jurisdiction shall be completed on or before May 30, 2014.

IT IS FURTHER ORDERED that SDI's amended motion to dismiss for lack of personal jurisdiction is denied without prejudice. (Doc. 26.)

IT IS FURTHER ORDERED that the joint motion for extension of time pertaining to preliminary reports is granted. (Doc. 33.) The parties shall file a report on or before July 25, 2014, indicating where they stand with respect to discovery and their tentative positions regarding expert testimony.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2014.

BY THE COURT

/s/ C. N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE