UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

S.V. GOPALRATNAM,
HEMALATHA GOPALRATNAM,
THE ESTATE OF ARUN GOPALRATNAM, and
AMERICAN FAMILY INSURANCE,

    Plaintiffs,

v.

HEWLETT-PACKARD COMPANY and
ABC INSURANCE COMPANY,

    Defendants,

And

SAMSUNG SDI CO., LTD.,
DYNAPACK TECHNOLOGY CORP., and
HEWLETT-PACKARD COMPANY,

    Third-Party Defendants.

Case No. 13-cv-618-PP

---

**ORDER GRANTING RULE 7(H) NON-DISPOSITIVE MOTION TO STAY BRIEFING AND RULING (DKT. NO. 129), AND ORDER SCHEDULING HEARING**

---

  This suit has been pending since June 2013, and is now on its second district court judge. The deadline for filing dispositive motions currently is set for March 25, 2016, Dkt. No. 127, and the case is scheduled for trial on July 25, 2016 (a date selected after the court consulted with all the parties, and the parties had the opportunity to consult with witnesses), Dkt. No. 107.

  On February 10, 2016, the plaintiffs filed a document captioned "Plaintiffs' Motion for Declaratory Judgment Regarding Application of New

1

Comparative Fault and Product Liability Act." Dkt. No. 125. The motion asks this court to issue an order holding that the 2011 Wisconsin Product Liability Act and the 2011 amendment to the Wisconsin Comparative Fault Act do not apply to this suit, because the plaintiffs' causes of action accrued in June 2010, before the enactment/effective dates of the statutes. Id. at 2. The plaintiffs argued that at the time the plaintiffs' causes of action accrued, Wisconsin law did not require juries to allocate fault among the parties; rather, the common law doctrine of strict liability allowed sellers/manufacturers of a defective product to be held jointly and severally liable to an injured victim. Id.

The plaintiffs state in the motion that both the state and federal courts have repeatedly ruled that statutes such as these do not apply retroactively. Id. at 2-3. In particular, the plaintiffs point to a Seventh Circuit decision from 2014, finding that retroactive application of these statutes would violate the state and federal constitutions. Id. at 3 (citing Gibson v. American Cyanamid Co., 760 F.3d 600 (7th Cir. 2014). Thus, the motion argues that applying the 2011 statute/amendments would be an unconstitutional taking of the plaintiffs' private property and would violate due process, and asks the court to issue an order stating that the statutes do not apply to this suit. Id. at 3-4.

Third-party defendant Dynapack responded with this motion, asking the court to stay briefing on the plaintiffs' motion until after the parties have the opportunity to file their dispositive motions (due March 25, 2016). Dkt. No. 129. The defendant argues that if the court were to grant the defendants' summary judgment motions, such action might render the motion for

2

declaratory judgment moot. It also argues that the issue raised in the motion for declaratory judgment—joint and several liability in a products liability case—is more appropriately addressed post-judgment. Id. at 2.

This court has no wish to prolong this litigation. It has gone on for over two years, and after much consultation, the parties were able to get a trial date on the calendar during a time when the court could accommodate the amount of time the trial would require.

But the fact is that the complaint alleges joint and several liability in every count, including the product liability counts. The court does not know what the defendants will be arguing in their motions for summary judgment, but given the allegations in the complaint (and the third-party complaint which draws in additional third-party defendants, including Dynapack, under a contribution theory), it appears at least possible that the application of the 2011 statute and amendments may be, to some extent, the subject of those motions.

Further, the plaintiffs' assertion that both state and federal law are well-settled with regard to the retroactivity issue appears to be inaccurate. Currently pending before the Wisconsin Supreme Court, on certification from the Wisconsin Court of Appeals, is Clark ex rel. Gramling v. Am. Cyanamid Co., 2015 WL 5684280 (Wis. Ct. App. Sept. 29, 2015) (appellate case no. 2014AP000775). Oral argument is scheduled for April 5, 2016 at 1:30 p.m. The case involves the very question of whether retroactive application of Wis. Stat. §895.046—which prohibits plaintiffs from asserting claims against

3

manufacturers under a risk-contribution theory—violates the Wisconsin Constitution. Id. at *1. The Court of Appeals noted in its decision certifying the case to the Supreme Court that if it "were to hold that §895.046 is in fact constitutional, this holding would direct conflict with federal law." Id. at *4 (citing Gibson v. American Cyanamid Co., 760 F.3d 600, cert. denied, 135 S. Ct. 2311 (7th Cir. 2014).

Given that the Wisconsin Supreme Court will hear arguments on this issue in a little over a month, it makes little sense to the court to require the parties to brief the declaratory motion at this time. Reluctantly, the court will grant the motion to stay briefing, but will schedule a telephone hearing to discuss with the parties how this issue may or may not impact the looming dispositive motions deadline—and ultimately, the July 25, 2016 trial date.

The court **GRANTS** third-party defendant Dynapack's motion to stay briefing on the plaintiffs' motion for declaratory judgment. Dkt. No. 129. The court **ORDERS** that the parties are to appear at a status conference on **Tuesday, March 8, 2016 at 1:30 p.m.** to discuss scheduling in light of the

4

pending Clark case. Parties wishing to appear by telephone may call the court's conference line at 1-888-557-8511, and enter access code 4893665#.

Dated in Milwaukee, Wisconsin this 1st day of March, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge