UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SV GOPALRATNAM,
HEMALATHA GOPALRATNAM,
THE ESTATE OF ARUN GOPALRATNAM, and
AMERICAN FAMILY INSURANCE COMPANY,

    Plaintiffs,

v.

HEWLETT-PACKARD COMPANY and
ABC INSURANCE COMPANY,

    Defendants,

v.

SAMSUNG SDI CO., LTD,
DYNAPACK TECHNOLOGY CORP., and
HEWLETT-PACKARD COMPANY,

    Third-Party Defendants.

Case No. 13-cv-618-pp

---

**ORDER GRANTING DEFENDANTS' CIVIL L.R. 7(H) EXPEDITED NONDISPOSITIVE JOINT MOTION TO AMEND HEARING DATES AND ADJOURNING DEADLINE FOR FILING REPLIES TO RESPONSES TO MOTIONS FOR SUMMARY JUDGMENT (DKT. NO. 181)**

---

    In February of this year, the court set a dispositive motions deadline of March 25, 2016. Dkt. No. 127. The day before the court entered that order, the plaintiffs filed a motion for declaratory judgment, asking the court to order that the 2011 Product Liability Act and Comparative Fault Act did not apply, and that Wisconsin common law and statutes pre-dating 2011 should govern in the case. Dkt. No. 125. The defendants/third-party defendants then asked the

1

court to stay briefing on *that* motion until the parties had filed and briefed, and the court had ruled on, their dispositive motions. Dkt. No. 129.

The court granted the defendants' motion and stayed briefing, in particular so that the Wisconsin Supreme Court could rule on an issue that might impact the plaintiff's motion for declaratory judgment. Dkt. Nos. 133, 135. The Wisconsin Supreme Court ruled on April 15, 2016, Dkt. No. 136-1, and the court then issued new a new briefing schedule, Dkt. No. 142.

In the new briefing schedule, the court ordered that any party wishing to file summary judgment motions should do so no later than June 24, 2016. It also indicated that if the defendants/third-party defendants wanted to file a brief in opposition to the motion for declaratory judgment, they should do so by that same date. Responses to the summary judgment motions, as well as any reply from the plaintiffs on the declaratory judgment motion, were due July 29, 2016. Finally, the deadline for any party to reply to responses to summary judgment motions was August 12, 2016. Id. at 3.

At one of the hearings that preceded the dispositive motions deadline—the court believes it may have been the May 4, 2016 hearing, but the minutes do not reflect as much—counsel for one of the defendants (the court believes it was Hewlett-Packard) indicated that he had some pleadings he'd need to file regarding experts, and asked if those motions could be filed on the same date as dispositive motions were filed. The court said that that was fine.

Before the deadline for filing dispositive motions arrived, however, third-party defendant Dynapack Technology filed a notice that the plaintiffs had

2

failed to follow Fed. R. Civ. P. 5.1. Dkt. No. 143. The court reviewed this, and found Dynapack's position to be without merit. Dkt. No. 146.

On June 16, 2016, defendant Hewlett-Packard, joined by the third-party defendants, filed a Rule 7(h) expedited non-dispositive motion to strike the plaintiff's supplemental expert disclosure. Dkt. No. 149. The defendants argued that, while the deadline for the plaintiffs to disclose the identities and reports of their experts had expired on January 18, 2016, the plaintiffs had filed, on June 2, 2016, served a "supplemental disclosure" on the defendants, which the defendants argue set for additional opinions of their experts. Id. at 2. They argue that the court did not authorize such a "rebuttal" disclosure. Id. The defendants also argued that this supplemental disclosure came in the middle of the time period for the parties to brief their Daubert motions. Id. The plaintiffs responded on June 20, 2016, arguing, in essence, that the supplemental reports didn't change anything, and that their late disclosure—if erroneous—was harmless error because the court had not set a trial date. Dkt. No. 151.

The court set a hearing on that motion for July 29, 2016 at 9:30 a.m. Meanwhile, the parties filed their summary judgment motions, and the defendants their Daubert motions.

On July 20, 2016, the court set a date for hearing on the Daubert motions the defendants had filed. The court scheduled the hearing for August 8, 2016. It assumed that the Daubert motions would be fully briefed by that time; the defendants had filed the motions on June 24, 2016, and Civil Local Rule 7 for the Eastern District of Wisconsin provides that the non-moving

3

party's response to any motion other than a summary judgment motion is due within twenty-one days, and the moving party's reply (if any) is due seven days later. By the court's calculation, that meant that the Daubert motions ought to be fully briefed by July 22, 2016. At that same time, the court rescheduled the July 29, 2016 hearing on the defendants' motion to strike the plaintiffs' supplemental disclosures to the same date. The court did this for a couple of reasons. First, the hearing calendars of the active judges in this district have become somewhat more congested, due to the illness of one of our colleagues, and this court has been attempting, to the extent possible, to reduce the number of hearings on its calendar by hearing several matters at once. Second, rightly or wrongly, the court saw the issue in the motion to strike as being related to the issues in the Daubert motions—which, again, the court assumed (wrongly) would be briefed well before August 8.

On August 4, 2016, someone—the court believes it was counsel for Dynapack—called chambers and told the court's staff that the August 8, 2016 hearing date would mean that the parties would have to argue the Daubert motions before they were fully briefed. The court, given its assumption that the Daubert briefing would follow the time line in the local rules, was confused by this assertion. At some point during phone calls between counsel for Dynapack and the court's staff, however, the court's staff was told that the parties believed that because the court allowed the defendants to file the Daubert motions on the same date that they filed their summary judgment motions, the response and reply deadlines provided for in Civil Local Rule 56, which governs

4

summary judgment briefing, would apply. The court did not recalling telling the parties this, and in honesty, did not have the time at that point to go back and listen to the recording of the hearing at which the parties had discussed filing the Daubert motions to find out. Nonetheless, the court realized that if the parties were following the Rule 56 briefing timeline—thirty days for the non-moving party to respond, fourteen days for the moving party to reply—then, indeed, an August 8, 2016 hearing would take place on, or a couple of days before, the deadline for the defendants to file their reply brief on the Daubert issues.

So—the court moved the hearing to August 17, 2016. The court assumed, between the defendants' motion to strike and the issues raised in the Daubert pleadings, that this hearing would be a long one, and it set aside the afternoon of August 17 for the hearing. It selected the afternoon because it had a hearing scheduled for that morning, and that afternoon was one of the rare instances where the court had a big enough chunk of time to accommodate an extended hearing. The court also realized, as long as it was setting deadlines in this case, that it would likely need an extended chunk of time to hear the parties' summary judgment arguments, so at the same time, it asked its staff to comb the calendar for another half-day chunk in which to schedule the summary judgment arguments. The court assumed that the parties would want the Daubert issues decided before they argued the summary judgment motions. The chunk of time the court's staff was able to find was the morning of September 13, 2016.

5

On August 4, 2016, the defendants filed a Rule 7(h) motion asking the court to modify the above-described dates. Dkt. No. 181. They told the court that they had assumed that the court would decide their motion to strike before now, reminding the court that they had filed it under the court's expedited motion procedure laid out in Civil Local Rule 7(h). They indicated that even though they'd briefed the Daubert motions without a ruling on the motion to strike, the court's decision as to whether to grant that motion would impact what they needed to argue at the oral argument on the Daubert motions. Id. at 3. To solve this if-this-then-that problem, the defendants proposed the following:

They proposed that the court schedule a telephonic hearing on the motion to strike (as it originally had scheduled for July 29). They told the court that it should set that hearing either between 9:00 and 11:00 a.m. on August 17, 2016 (the date the court has set aside an afternoon for hearing all Daubert issues), or any time on August 24. They also proposed that the court adjourn the hearing on the Daubert motions themselves until September 13, 2016 at 9:00 a.m., and hear argument on those motions on the same date that it hears argument on the summary judgment motions. Id. at 4. This motion did not ask for an extension of the parties' deadline for filing their replies to the responses to summary judgment motions—that deadline expires on August 12, 2016.

In the seven days since the defendants filed that motion, the court's staff has received several phone calls from counsel representing one or the other of

6

the defendants/third-party defendants. The gist of all of these phone calls is to ask "whether the court is going to hold a phone hearing." The court wasn't on any of these calls, so it doesn't know exactly what was said. Every time someone has called, the court's staff has informed the court that one of the defendants called, asking whether the court was going to schedule a phone hearing. In the most recent call, the caller (the court does not know who it was) informed staff that the parties needed to know if the court was going to schedule a phone hearing, because the parties' response briefs are due tomorrow (even though no one has filed a motion asking the court to extend the deadline for filing response briefs).

It is clear that the court has made some erroneous assumptions about how the defendants were proceeding with regarding to expert witness issues. The plaintiffs have not objected to the defendants' August 4, 2016 proposal (although the court notes that pursuant to Rule 7(h), they had seven days to file an objection, and that seventh day doesn't actually end until midnight tonight), and so the court will, to an extent, accommodate the defendants' request.

For future reference (assuming that there may be more filings in this case's future): The parties always are free, if they have not received a response that they need in order to move to a next step in the process, to file a motion to adjourn, or to extend deadlines. The court tends to grant those, unless it would cause problems with other pieces of the case scheduling. The parties also are free to contact chambers—the court's staff is here to help, if they can. But

7

parties may wish to be aware that for the twelve years they've been working with me, my staff has not once forgotten to give me a message, or forgotten to pass along information from attorneys when they call. Delays, missing responses, or errors are mine, not my staff's.

The court appreciates the defendants making suggestions for times when they are available for phone hearings, the court cannot accommodate their suggestions, because of its own calendar. The court has a hearing scheduled for the morning of August 17 (two, in fact). The court has hearings all day on August 24. The court is available the afternoon of August 17, because it carved out that time for what it thought would be a hearing on all matters <u>Daubert</u>-related. That is the time that the court can give the parties for the telephone hearing on the defendant's motion to strike the plaintiffs' supplemental expert disclosures.

Finally, the court will move the hearing on the <u>Daubert</u> motions to be heard at the same time as arguments on summary judgment. The court cannot, however, honor the September 13, 2016 date it originally set, because a criminal defendant made a Speedy Trial Act demand, which the court had to accommodate by scheduling his trial the week of September 12, 2016. Accordingly, the court will have to discuss with the parties at the August 17, 2016 telephone hearing a date that will work for all concerned for oral argument on the <u>Daubert</u> and summary judgment motions.

The court is aware that on August 9, 2016, the defendants filed a Rule 7(h) motion to strike the plaintiffs' reply brief to the motion for declaratory

8

judgment, or in the alternative, for permission to file a sur-reply. Dkt. No. 182. Anticipating objection, the court will not take action on that motion until the objection deadline has passed on August 16, 2016.

The court **GRANTS** the defendants' Rule 7(h) expedited non-dispositive motion to amend hearing dates. (Dkt. No. 181). The court **ORDERS** that the parties shall appear by telephone on **August 17, 2016 at 2:00 p.m.** to present oral argument on the defendants' motion to strike (Dkt. No. 140). The court further **ORDERS** that the oral arguments on <u>Daubert</u> motions, scheduled for August 17, 2016 at 2:00 p.m., is **ADJOURNED**. The court will schedule a new date for that hearing, as well as for the hearing on the motions for summary judgment, during the August 17, 2016 telephone hearing on the motion to strike. Finally, the court **ORDERS** that the deadline for parties to file replies to responses to the motions for summary judgment is **EXTENDED** to **Friday, August 26, 2016**.

Dated in Milwaukee, Wisconsin this 11th of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge